0

**10 - 1778**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 2 1 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FRANKLIN GIBBS,

                Plaintiff,

vs.

BANK OF AMERICA CORPORATION, U.S.
TRUST BANK OF AMERICA PRIVATE WEALTH
MANAGEMENT and SCOTT MANVILLE,

                Defendants.
-------------------------------------------------------------------x

C.A. No.: (TO BE ASSIGNED)

**NOTICE OF REMOVAL**

BLOCK. J.
AZRACK, M.J.

Pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446 and Local Civil Rule 81.1, and for the sole purpose of removing this matter to the United States District Court for the Eastern District of New York based on this court's original jurisdiction to hear and decide federal questions, Defendants Bank of America, N.A., incorrectly identified by Plaintiff Franklin Gibbs ("Plaintiff") as "Bank of America Corporation" and "U.S. Trust Bank of America Private Wealth Management" (the "Bank") and Scott Manville ("Manville") (collectively "Defendants") state:

    1.    State Court Action

Plaintiff filed this action against Defendants in the Supreme Court of the State of New York State, County of Kings, Index No. 6562/10, on or about March 15, 2010. Copies of the Summons and Complaint served on the Bank at its principal place of business in Charlotte, North Carolina on or about March 23, 2010 are attached as Exhibit "A."

    2.    Federal Question

In the Complaint, Plaintiff alleges that Defendants unlawfully discriminated against him on the basis of his race in the terms, conditions and privileges of his employment and retaliated against him for having participated in protected activity, in violation of the federal Civil Rights

Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Thus, under 28 U.S.C. §1331, the above district court has federal question jurisdiction over Plaintiff's Section 1981 claims. With respect to Plaintiff's remaining claims of race discrimination and retaliation under the New York State Human Rights Law, N.Y. Executive Law § 290 et seq., the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 et seq., the above district court has supplemental jurisdiction over these claims in accordance with 28 U.S.C. §1367(a).

      3.      Timeliness of Notice of Removal.

Defendants first received notice of the Complaint when it and the Summons were served on the Bank on or about March 23, 2010. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

      4.      Relief Requested.

Defendants request that the United States District Court for the Eastern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: New York, NY
       April 21, 2010

                          Respectfully submitted,

                          KAUFMAN BORGEEST & RYAN LLP

                          Jonathan B. Bruno
                          Deborah M. Zawadzki
                          Attorneys for Defendants
                          Bank of America, N.A. and
                          Scott Manville
                          120 Broadway, 14th Floor
                          New York, NY 10271
                          (212) 980-9600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X  Index No.: 6562/10

FRANKLIN GIBBS,

                          Plaintiff,                    **SUMMONS**

           -against-                                    Plaintiff designate's Kings
                                                        County as the place of trial.
BANK OF AMERICA CORPORATION,                            The basis of venue
U. S. TRUST BANK OF AMERICA PRIVATE                     designated is Plaintiff's
WEALTH MANAGEMENT and SCOTT MANVILLE,                   residence. Plaintiff resides
                                                        at 214 Marlborough Road
                          Defendants.                   Brooklyn, New York
-------------------------------------------------------------X

To the above-named Defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgement will be taken against you by default for the relief demanded in the complaint.

Dated:        Brooklyn, New York
              March 15, 2010

                                          Yours, etc.,

PATRICIA COCHRAN                          Law Office of Vincent I. Eke-Nweke, P.C.
*In Person*                               Attorney for Plaintiff
MAR 23 2010

CHARLOTTE MAIN OFFICE
CC001-0000001                             By: _____
PH.704.386.5478                                VINCENT I. EKE-NWEKE
                                               498 Atlantic Avenue
                                               Brooklyn, New York 11217
                                               (718) 852-8300

To:
1. Bank of America Corporation               2. U. S. Trust Bank of America
   Bank of America Corporate Center             Private Wealth Management
   101 South Tryon Street                       Newport Office Center III
   Charlotte, North Carolina 28255              499 Washington Blvd., Jersey City, NJ 07310

3. Scott Manville, Snr. Tech Manager
   499 Washington Blvd
   Jersey City, NJ 07310

2010 MAR 15 PM 3:23
RECEIVED
KINGS COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X   Index No.: 6562/10

FRANKLIN GIBBS,

Plaintiff,

-against-

**VERIFIED COMPLAINT**

BANK OF AMERICA CORPORATION,
U. S. TRUST BANK OF AMERICA PRIVATE
WEALTH MANAGEMENT and SCOTT MANVILLE,

Defendants.
------------------------------------------------------------X

Plaintiff, Franklin Gibbs ("Plaintiff" or "Gibbs"), by his attorney, Law Office of Vincent I.

Eke-Nweke, P.C., as for his Complaint, complains of the Defendants Bank of America Corporation

("Bank of America"), U. S. Trust Bank of America Private Wealth Management ("U.S. Trust") and

Scott Manville ("Manville"), ("together Defendants"), and alleges upon information and belief, as

follows:

## I.  NATURE OF THE ACTION

1.        Gibbs brings this action to remedy discrimination on the basis race, in the terms,

conditions, and privileges of employment in violation of the New York State Human Rights Law,

Executive Law § 290 *et seq.* (Human Rights Law), the Administrative Code of the City of New York

City § 8-101 *et seq.*  (City Law),  New Jersey Law Against Discrimination NJSA 10:5-12 *et seq.*

("LAD"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981). In addition, Gibbs claims

that, in violation of those laws, Defendants retaliated against him for having participated in

statutorily protected activity.

2.     Gibbs seeks injunctive and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to the Human Rights Law, the City Law, LAD and § 1981.

## II.  SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT

3.     Pursuant to § 8-502 of the City Law, prior to filing the Complaint in this action with the Court, a copy thereof was served on the City of New York Corporation Counsel.

## III.  THE PARTIES

4.     Gibbs is an African American male. At all relevant times, Gibbs was resident within the County of Kings, City and State of New York.

5.     Defendants Bank of America and U.S. Trust are corporations duly licensed and authorized to carry on business within the State of New York and are engaged in the banking and financial services business within the City and State of New York.

6.     Bank of America's Personnel Department (where some of the discriminatory and retaliatory employment decisions affecting Gibbs were made or approved) is located in Manhattan, New York.

7.     During all times herein mentioned, Manville, a Caucasian Male, was and still is an adult person and an employee, servant, agent, representative and/or a Snr. Tech Manager assigned to U. S. Trust, Bank of America's Computer Services Division ("CSD") located in Jersey City, New Jersey.

8.     Manville aided, abetted, incited, compelled or coerced the violation of Gibbs' rights in violation of the Human Rights Law, the City Law, LAD and § 1981.

2

9.      Defendants are employers within the meaning of the Human Rights Law, City Law, the LAD and § 1981.

## IV. FACTUAL ALLEGATIONS

10.     Gibbs was employed by the U. S. Trust, which has since become a part of Bank of America, at their CSD, in Jersey City, New Jersey, for more than 20 years, until in or about August 2008, when his position or title was allegedly eliminated by Bank of America.

11.     Throughout his tenure with said defendants, Gibbs was subjected to race discrimination and retaliation, in that he was denied promotions, earned raises and bonuses based upon his race and in retaliation for his complaints about discrimination, whereas similarly situated and/or less qualified non-Black employees were repeatedly promoted over Gibbs to senior management positions.

12.     As a result of the race discrimination and retaliation which Gibbs was subjected to, in or about July 2005, Gibbs commenced an employment discrimination and retaliation lawsuit against U. S. Trust and other defendants, assigned Docket No. 05 CV 6498 (LAP) (HP) in the United States District Court, Southern District of New York ("Lawsuit").

13.     Gibbs prosecuted the Lawsuit until on or about April 15, 2007, when the Lawsuit was dismissed following an amicable resolution of the claims asserted in the Lawsuit by Gibbs.

14.     However, shortly after the amicable resolution of the Lawsuit, defendants began to retaliate against Gibbs for engaging in statutorily protected activities, to wit: the prosecution and amicable resolution of the Lawsuit. In retaliation for prosecuting and amicably resolving the Lawsuit, defendants:

3

a.    Failed and/or refused to offer Gibbs a retention bonus, salary increases and/or stock options after it was announced that U.S. Trust would be acquired by Bank of America;

b.    Gave and/or offered a retention bonus in the approximate amount of $80,000, to each employee similarly situated as Gibbs but failed and/or refused to give or make such offer to Gibbs. Out of 4 employees who reported directly to Manville, Gibbs was the only person who was not offered a retention bonus;

c.    Gave or paid each employee similarly situated as Gibbs an amount totaling approximately $65,000.00, as prorated annual bonuses for 2008 but gave none to Gibbs;

d.    Improperly calculated Gibbs' 2007 income and failed or refused to include, credit or allocate Gibbs' entire 2007 earnings to his pension benefits account, thereby substantially reducing the amount of Gibbs' monthly pension or retirement income;

e.    Demoted Gibbs from a managerial position or title to a Consultant II position -- under the guise that Gibbs' job title or position was being reclassified to a corresponding title or position at Bank of America -- thereby stripping Gibbs of all managerial responsibilities and opportunity for promotion, whereas employees who had the same job title or position as Gibbs were reclassified to the position or title of Sr. Tech-Mgr;

f.    Upon stripping Gibbs of all managerial responsibilities Manville instructed the users of the systems Gibbs was managing not to speak to Gibbs directly but to forward all requests to Manville, who then assigned the tasks to other employees who ended up going to Gibbs for guidance and/or advice on how to execute the task;

g.    Failed and/or refused to assign any new projects directly to Gibbs;

4

h.      Set unrealistic, non-existent or imaginary performance goals for Gibbs and failed to assign Gibbs any duties even though Manville had advised Gibbs that part of the performance goals on which Gibbs would be evaluated upon was Gibbs' support of the "transition projects in their goal of high quality, on time, on budget, on benefit data conversion to BAC target platforms". However, Manville failed to assign or allocate any transition projects to Gibbs. When Gibbs reminded Manville that no transition project was assigned or allocated to him, rather than assign such projects to Gibbs, Manville humiliated and embarrassed Gibbs by instructing Gibbs to approach other members of their group (most of whom had less seniority and were junior to Gibbs) and request that they allocate tasks to Gibbs;

i.      Required Gibbs to perform work in a cubicle even though several offices were available that could have been assigned to Gibbs. Gibbs was denied an office, even though, several employees who were junior to Gibbs and had less seniority, were assigned offices; and

j.      Denied Gibbs the open position of Infrastructure Manager, which Gibbs had applied for.

15.     As a result of the retaliation Gibbs was being subjected to by the defendants, as set forth above, on or about December 18, 2007, Gibbs filed a retaliation charge against defendants with the Equal Employment Opportunity Commission ("EEOC"), which charge was assigned EEOC No. 520-2008-00851.

16.     At the time Gibbs filed said retaliation charge, he reasonably believed and still believes that the defendants were violating his civil rights by retaliating against him for having prosecuted and amicably resolved the Lawsuit. As set forth above, out of 4 employees who reported directly to Manville at that time, Gibbs was the only person who was not offered a retention bonus.

5

17.     As further set forth above, Bank of America paid employees similarly situated as Gibbs approximately $80,000.00 each as retention or guaranteed bonus but failed to pay Gibbs any amount for such bonus.

18.     Following the filing of Gibbs' said retaliation charge with the EEOC, in or about May 2008, defendants further intensified their retaliation against Gibbs by allegedly selecting Gibbs' position or title for elimination and required that Gibbs must sign a "take it or leave it" agreement which contained a general release and terms of severance, entitled "General Release and Program Agreement" ("CSP Agreement"), in order for Gibbs to be eligible to receive a severance pay for the alleged elimination of Gibbs' position or title.

19.     During the period Gibbs' position was being eliminated, Bank of America was also, allegedly in the process of eliminating approximately 18-20 other positions or titles at its CSD pursuant to the same CSP Agreement. However, out of 16 employees who directly reported to Manville at the time, Gibbs was the only person whose position was selected for elimination.

20.     More importantly, during the job elimination period in question, Gibbs was the only employee assigned to CSD who had a pending retaliation charge or potential claim against Bank of America or any of its subsidiaries or employees. Except Gibbs, no employee or person assigned to CSD at said time, had a pending or potential claim against Bank of America, or its subsidiaries or employees.

21.     Gibbs, as well as each of the other employees whose position was allegedly eliminated at CSD pursuant to the CSP Agreement, had the right to receive the severance pay Bank of America paid to each of them because each of them was entitled to such payment as a part and parcel of their respective perquisites of employment with Bank of America.

6

22.    In addition to the severance pay given or paid to the other employees whose positions were allegedly eliminated at the same time as Gibbs, Bank of America also, gave or paid such employees prorated annual bonuses for 2008 but gave or paid no such bonus to Gibbs.

23.    The CSP Agreement misleadingly states in pertinent parts, "[A]s consideration and in exchange for my receipt and acceptance of the Program Assistance, including severance pay, associated with the program, and to the extent permitted by law, I hereby waive, release and fully discharge, and agree not to pursue, any and all claims, claims for relief...."

24.    Bank of America, in essence, withheld from Gibbs, payment of the severance benefits which Gibbs was already entitled to unless and until Gibbs released Bank of America from all claims, including, the aforesaid retaliation claim.

25.    Gibbs was already entitled to receive the severance pay as part and parcel of the employment relationship between Gibbs and Bank of America.

26.    The amount of the severance pay Gibbs received, did not exceed the severance benefits Gibbs was entitled to as an employee of Bank of America.

27.    The waiver and release contained in the CSP Agreement is invalid and unenforceable against Gibbs because, it was facially retaliatory, violates the Human Rights Law, the City Law, LAD and § 1981, and resulted in Gibbs losing his entitlement to severance pay if he participated in statutorily protected activity.

28.    The CSP Agreement, including the waiver and release contained therein was not signed in consideration of any benefit.

29.    Gibbs did not play any role in deciding the terms and conditions of the CSP Agreement, nor was he allowed to negotiate such terms and conditions with Bank of America.

7

30. Although the CSP Agreement purports to encourage Gibbs to contact an attorney, Bank of America failed and/or refused to negotiate or discuss the terms and conditions of the CSP Agreement with an attorney retained by Gibbs.

31. The CSP Agreement is further invalid and unenforceable against Gibbs because, Gibbs signed it under economic duress and press of financial circumstances.

## FIRST CAUSE OF ACTION
### DISCRIMINATION

32. Gibbs repeats and realleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

33. By the acts and practices described herein, Defendants have discriminated against Gibbs in the terms and conditions of his employment on the basis of his race in violation of the Human Rights Law, the City Law, LAD and § 1981.

34. In taking the above-described discriminatory actions, Defendants acted with malice and/or reckless indifference to Gibbs' rights under the Human Rights Law, the City Law, LAD and § 1981.

35. As a result of Defendants' discriminatory acts, Gibbs has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### RETALIATION

36. Gibbs repeats and realleges each and every allegation contained in paragraph 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

8

37.     In retaliation for Gibbs' participation in statutorily protected activity Defendants adversely affected Gibbs' employment.

38.     In taking the above-described retaliatory actions, Defendants acted with malice and reckless indifference to Gibbs' rights under the Human Rights Law, the City Law, LAD and § 1981.

39.     As a result of Defendants' retaliatory acts, Gibbs has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages unless and until this Court grants relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Gibbs respectfully requests that this Court enter a judgment:

(a)     declaring the acts and practices complained of herein are in violation of the Human Rights Law, the City Law, LAD and § 1981;

(b)     enjoining and permanently restraining these violations of the Human Rights Law, the City Law, LAD and § 1981;

(c)     directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Gibbs;

(d)     directing Defendants to make him whole for all earnings he would have received but for Defendants' unlawful conduct, including, but not limited to, back and front wages, salary/salary increases, pension, retention and guaranteed bonuses, other lost benefits and a prorated bonus for 2008;

(e)     directing Defendants to pay Gibbs an additional amount as compensatory damages for his pain and suffering;

9

(f)     directing Defendants to pay Gibbs an additional amount as punitive damages for their

willful and/or reckless disregard for Gibbs' statutory rights;

(g)     awarding Gibbs such interest as is allowed by law;

(i)     awarding Gibbs his reasonable attorneys' fees and costs; and

(j)     granting other such and further relief as this Court deems necessary and proper.

Dated: Brooklyn, New York
March 15 , 2010

                                        Yours, etc.,
                                        Law Office of Vincent I. Eke-Nweke, P.C.
                                        Attorney for the Plaintiff


                                        By:_____
                                            VINCENT I. EKE-NWEKE
                                            498 Atlantic Avenue
                                            Brooklyn, New York 11217
                                            (718) 852-8300

10

## VERIFICATION

STATE OF NEW YORK        )
                         :        ss.:
COUNTY OF KINGS          )

**FRANKLIN GIBBS**, being duly sworn, deposes and says:

I am the plaintiff in the within action, I have read the forgoing Complaint and know the contents thereof, the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief; and, as to those matters I believe it to be true.

_____
FRANKLIN GIBBS

Sworn to before me this
_15th_ day of March, 2010

_____
NOTARY PUBLIC

VINCENT I. OKE-NWEKE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01OK6029664
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES APRIL 15 2010

11

Index No.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

FRANKLIN GIBBS,

                               Plaintiff,

        -against-

BANK OF AMERICA CORPORATION,
U.S. TRUST BANK OF AMERICA PRIVATE
WEALTH MANAGEMENT and SCOTT MANVILLE,

                          Defendants.

---

# SUMMONS AND VERIFIED COMPLAINT

---

## LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.
### Attorney(s) for Plaintiff(s)
### 498 Atlantic Avenue
### Brooklyn, New York 11217-1813
### (718) 852-8300

---

To:                    Service of a copy of the within
                            is hereby admitted.

                    Dated: ............... 200_

Attorneys for Defendant(s)

---