UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANKLIN GIBBS,

                Plaintiff,

-against-

BANK OF AMERICA CORPORATION, U.S.
TRUST BANK OF AMERICA PRIVATE WEALTH
MANAGEMENT and SCOTT MANVILLE,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-01778 (FB)

ORIGINAL
D+F
C/M

*Appearances:*
*For the Plaintiff:*
VINCENT I. EKE-NWEKE, ESQ.
Attorney for Plaintiff
498 Atlantic Avenue
Brooklyn, NY 11217

*For the Defendants:*
STEPHANIE A. BRUCE, ESQ.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

**BLOCK, Senior District Judge:**

        As stated at oral argument held on February 18, 2011, defendants' motion to dismiss is denied as to plaintiff's federal claim brought pursuant to 42 U.S.C. § 1981 ("Section 1981") and plaintiff's claim under New Jersey law because the allegations of plaintiff's complaint are sufficient to state a claim. *See Livingston v. Adirondack Beverage Company*, 141 F.3d 434, 437 (2d Cir. 1998) (stating that the allegations of plaintiff's complaint "sufficiently challenge the validity of the release to preclude a finding that the complaint clearly establishes a dispositive defense."). The Court finds that plaintiff's pleading that he was already entitled to the severance package he received under the terms of the release agreement was sufficient to state a claim, given that a release of claims under both federal law and New Jersey law must be supported by valid consideration. *Chaput v. Unisys Corp.*, 964 F.2d 1299, 1301 (2d Cir. 1992) ("A release is not effective unless the party giving the release receives something of value to which the

party was not otherwise entitled."); *Swarts v. The Sherwin-Williams Company*, 244 N.J. Super. 170 (App. Div. 1990) (finding that when plaintiff accepted severance pay, he received consideration separate and apart from any amounts contractually or legally due him from defendant). Specifically, plaintiff alleges that he "as well as each of the other employees whose position was allegedly eliminated ... pursuant to the [release] agreement, had the right to receive the severance pay Bank of America paid to each of them because each of them was entitled to such payment as a part and parcel of their respective perquisites [sic] of employment with Bank of America."[1] *see* Compl. ¶ 21. Thus, his complaint pleads sufficient facts "to state a claim for relief that is plausible on its face," and, further, that are "enough to raise a right to relief above the speculative level, in the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Lastly, defendants' motion to dismiss is granted as to plaintiff's claims under New York state and city law. There is no obligation that a valid release be supported by consideration under New York law, *see* N.Y. Gen. Oblig. §15-303; thus, since plaintiff's counsel conceded at oral argument that plaintiff did not, and would not, tender-back the monies received in exchange for signing the release agreement and did

---

[1] Elsewhere in the complaint, Gibbs alleges that: (1) "Bank of America, in essence, withheld from Gibbs, payment of the severance benefits which Gibbs *was already entitled* to unless and until Gibbs released Bank of America from all claims, including, the aforesaid retaliation claim, *see* Compl. ¶ 24 (emphasis added); (2) he "*was already entitled* to receive the severance pay as part and parcel of the employment relationship between Gibbs and Bank of America, *see* Compl. ¶ 25 (emphasis added); (3) "[t]he amount of severance pay Gibbs received, *did not exceed the severance benefits Gibbs was entitled to as an employee of Bank of America,*" *see* Compl. ¶ 26 (emphasis added); and (4) the release "was not signed in consideration of any benefit," *see* Compl. ¶ 27.

2

not otherwise act to repudiate the release agreement, plaintiff cannot pursue his claims under New York state and city law. *See Cappelli Enters., Inc. v. F&J Cont'l Food Corp.*, 792 N.Y.S.2d 553, 610 (2d Dep't 2005) ("Where a party has accepted the benefits of an agreement and then seeks to repudiate the agreement on the ground of coercion, it must do so in a timely fashion or any objection is waived."); *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 401 (S.D.N.Y. 2002) (dismissing plaintiff's claims under both New York state and city law because a release is not invalid for want of consideration under N.Y. Gen. Oblig. §15-303).

**SO ORDERED.**  s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February __, 2011