UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

FRANKLIN GIBBS,

                    Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                  Case No. 10-CV-1778 (FB) (JMA)

      -against-

BANK OF AMERICA CORP.,

                    Defendant.
---------------------------------------------------------x

*Appearances:*
*For Plaintiff:*                                               *For Defendant:*
VINCENT I. EKE-NWEKE, ESQ.                   SIOBHAN M. SWEENEY, ESQ.
Law Office of Vincent I. Eke-Nweke, P.C.     STEPHANIE BRUCE, ESQ.
498 Atlantic Avenue                                  Edwards Angell Palmer & Dodge LLP
Brooklyn, NY 11217                                  111 Huntington Avenue
                                            Boston, MA 02199

**BLOCK, Senior District Judge:**

        Plaintiff Franklin Gibbs appeals from the discovery order of Magistrate Judge

Joan Azrack denying in part his motion to compel discovery.  Gibbs also objects to the

magistrate judge's recommendation that the Court deny his motion for leave to file an

amended complaint.

        Plaintiff brought this action against defendant Bank of America Corporation

alleging that a Corporate Severance Program Agreement ("CSP Agreement") he signed

after being laid off was retaliatory and unenforceable because the release was not

supported by valid consideration.[1]  Plaintiff was laid off less than a year after he filed a

discrimination charge against defendant with the Equal Employment Opportunity

---

[1] Plaintiff commenced this action in New York Supreme Court, Kings County.
Defendant properly removed the lawsuit to federal court on the basis of federal
question jurisdiction under 28 U.S.C. § 1331.

Commission.  The CSP Agreement conditioned his receipt of a severance package on the waiver of his claims against defendant.  On July 8, 2011 plaintiff submitted a letter requesting a pre motion conference regarding an anticipated motion for leave to amend his complaint, attaching his proposed amended complaint.  The Court referred that motion to Magistrate Judge Azrack.  On July 19, plaintiff filed a motion to compel defendants to produce requested documents.  On August 30 the magistrate judge issued her Discovery Order, granting in part and denying in part plaintiff's motion to compel.  The magistrate judge also recommended that the Court deny plaintiff leave to file his motion to amend the complaint on the grounds of futility.  The Court considers each of the magistrate judge's determinations in turn.

**I**

A discovery ruling by a magistrate judge is a non-dispositive matter, and as such the Court will only set aside an order "that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  This is a highly deferential standard.  Magistrate judges have broad discretion in resolving discovery matters, and a party seeking to overturn a discovery order "generally bears a heavy burden."  *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010).

Magistrate Judge Azrack denied two of plaintiff's six discovery requests on the basis of relevancy: (1) the identity of defendant's personnel who participated in the administration, implementation or determination of severance paid to employees, and (2) the identity of each person whose position was eliminated under the severance plan, the

amount paid to each person and the basis for computation. The magistrate judge reasoned that defendant's "standardized policies speak for themselves, and it is of no relevance who drafted them, who implemented them, or who computed the severance packages," and because defendant's "standardized" policies were "the same for each terminated employee, it bears no relevance to plaintiff how much each individual specifically received or what position they were in before their termination." Discovery Order at 3-5. Plaintiff argues that the requested discovery is relevant because it is necessary to identify personnel with "personal knowledge" of the severance program and because the computation of severance pay received by other employees "would be probative of Gibbs's position that he was already entitled to the severance package he allegedly received." Pl's Objection at 13.

First, defendant has already provided plaintiff with documents explaining how to determine employee eligibility for the severance plan, how the plan is implemented and how severance is calculated. These documents contain all of the relevant information on how defendant managed the standardized severance policy. Plaintiff submits no argument that personnel involved in the administration, development or implementation of the severance could provide additional insight, aside from a vague assertion that people with "personal knowledge" of the severance program might provide useful information.

Second, defendant's standardized policy on severance pay eligibility and computation was identical for every terminated employee. All employees who were laid off received the same standardized severance plan forms. This is evident from plan documents that defendant has already provided to plaintiff– primarily the CSP Agreement, which plaintiff signed, and the CSP Severance Pay Computation Sheet. Plaintiff fails to

show how the identities of other employees who received severance pay, and details of the amount paid to them, would shed any light on whether or not the release he signed was supported by consideration.

Accordingly, plaintiff has provided no reason to conclude that the magistrate judge's discovery order was clearly erroneous or contrary to law.

**II**

Plaintiff objects to Magistrate Judge Azrack's recommendation that the Court deny his motion for leave to amend his complaint. The Court reviews plaintiff's objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

The magistrate judge interpreted plaintiff's proposed amended complaint as alleging that defendant breached its disclosure and notification obligations under ERISA. She stated that the proposed amendment would be futile because: (1) "a plaintiff seeking relief for failure to disclose documents under ERISA must first assert a claim under ERISA § 502(a)(1)(A)" and plaintiff did not affirmatively assert a claim under ERISA; (2) the remedy for a violation of ERISA's disclosure obligations is statutory penalties, not the declaratory relief requested by plaintiff; (3) plaintiff received the severance Summary Plan Description ("SPD") and the CSP Agreement and therefore had constructive notice of the CSP Agreement's contents prior to signing it; (4) defendant provided plaintiff with the CSP Guide, the CSP Severance Pay Computation and the CSP Agreement more than a month before plaintiff signed the CSP Agreement; and (5) it is irrelevant whether plaintiff's managers misled him about whether he would have to execute a waiver, because oral promises are unenforceable and cannot vary the terms of an ERISA plan.

4

Plaintiff objects to the magistrate judge's recommendation because: (1) the recommendation converted plaintiff's request for a pre-motion conference into a motion for leave to amend the complaint, thereby depriving plaintiff of the opportunity to seek leave to amend his pleadings and to address defendant's arguments on futility; (2) the magistrate judge mistakenly assumed plaintiff's amended complaint sought relief for breach of disclosure and notification obligations, when in fact the amendment contended that defendant "misinformed, misled and/or failed to give Gibbs notice"; (3) the magistrate judge incorrectly adopted defendant's assertion that plaintiff had access to the SPD and CSP documents; (4) a "My Benefits & Pay" document received misinformed plaintiff to believe that severance benefits were not conditioned on the signing of a waiver; and (5) the magistrate judge made "crucial findings of fact. . . based upon self serving papers or baseless contentions submitted by defendants."  Pl's Objection at 2-3.  Plaintiff also submitted a Second Proposed Amended Complaint.

As a preliminary matter, the magistrate judge did not deprive plaintiff of an opportunity to seek leave to amend his pleadings: plaintiff's letter requesting a pre-motion conference presented arguments in support of the proposed amendment and attached a copy of his proposed amended complaint.  The magistrate judge never prevented plaintiff from responding to defendant's letter in opposition to his motion, and plaintiff had ample time to do so.  In addition, the magistrate judge's interpretation of plaintiff's proposed amended complaint– that plaintiff alleged a breach of ERISA's disclosure and notification obligations– was reasonable.  The proposed amended complaint alleges, for example, that defendant "failed to give Gibbs notice" that severance benefits would be conditioned upon

his signing a waiver. Proposed Amended Compl. ¶ 45.

Plaintiff raises no objection to the law applied by Magistrate Judge Azrack. The recommendation correctly states that ERISA only provides statutory remedies for violations of the disclosure and notification obligations. *See Schlenger v. Fidelity Employer Services Co., LLC*, 785 F. Supp. 2d 317, 337 (S.D.N.Y. 2011) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)). Plaintiff's claim for declaratory relief would therefore be futile. Further, plaintiff's allegation that his managers misled him when they explicitly promised he would not have to sign a waiver could not support a claim that defendant violated ERISA notice requirements. As the magistrate judge correctly noted, oral promises are "unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan." *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002). Accordingly, plaintiff's proposed amended complaint is futile.

In the alternative, the Second Proposed Amended Complaint that plaintiff attaches to his objection in order to clarify "in more specific terms, the basis of the proposed claim or causes of action alleged pursuant to ERISA § 502(a)(3)" is still futile. Pl's Objection at 10. Plaintiff now claims that he has presented a viable claim for declaratory relief under ERISA because defendant "breached [its] fiduciary duty to provide complete and accurate information to plan participants with the care, skill, prudence and diligence. . . in violation of ERISA § 404(a)(1)(A) and (B)." Pl's Objection at 9. Plaintiff correctly states that a plan participant may bring an individual action for equitable relief for a breach of fiduciary duty. *See Varity Corp.*, 516 U.S. at 507-15. A defendant may breach its fiduciary duty through "affirmative misrepresentations" or "failure to provide completely accurate plan

6

information." *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001). As the magistrate judge already observed based upon plan documents and the statement of facts in plaintiff's Proposed Amended Complaint, however, plaintiff received documents that accurately explained that receipt of a severance package would be conditioned upon signing a waiver. *See* Discovery Order at 8; Prop. Am. Compl. ¶ 22. Plaintiff alleges that the informal "My Benefits and Pay" document was misleading and inaccurate because it did not mention that the waiver was a condition of receiving severance benefits. Pl's Objection at 11. This does not amount to an affirmative misrepresentation, nor does it create any inconsistency with the terms of the severance plan. Even accepting all of the factual allegations in plaintiff's Second Proposed Amended Complaint as true, there is nothing to support a claim that defendant breached its fiduciary duties under ERISA.

### III

For the foregoing reasons, Magistrate Judge Azrack's discovery order denying in part plaintiff's motion to compel is affirmed. The discovery order was neither clearly erroneous nor contrary to law. In addition, the Court adopts the magistrate judge's recommendation that plaintiff be denied leave to amend his complaint because plaintiff's proposed amendment is futile.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 28, 2011